# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **K.D.**

**No. 16-0913** (Barbour County 15-JA-35)

**FILED**

**March 24, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.W., by counsel Thomas B. Hoxie, appeals the Circuit Court of Barbour County's August 8, 2016, order terminating his parental rights to K.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying an extension of his post-adjudicatory improvement period and in terminating his parental rights due to his financial inability to participate in services.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2015, the DHHR filed an abuse and neglect petition and alleged that the child's mother abused K.D. as a result of her substance abuse.[2] According to the petition, the DHHR began an investigation into the mother's substance abuse after receiving a referral. Before the DHHR completed the investigation, the mother was hospitalized due to a drug overdose. As to petitioner, the DHHR alleged that he abused the child by failing to protect her from the mother's abuse.

In September of 2015, the circuit court held an adjudicatory hearing, during which petitioner stipulated to the allegations in the petition and moved for a post-adjudicatory

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The proceedings in circuit court concerned three additional children that are not petitioner's biological children. Accordingly, the circuit court's rulings regarding those children are not at issue in this memorandum decision.

1

improvement period, which the circuit court granted. The eventual case plan required petitioner to complete a number of evaluations, including psychological, parental fitness, and substance abuse evaluations. The case plan also required that petitioner attend multidisciplinary team meetings and court hearings, participate in visitation with the child, submit to drug screens, and complete adult life skills and parenting training. Given that petitioner resided in the State of Tennessee, he requested that all of his services be scheduled on the same day to limit his travel, and his providers complied. Although he initially complied with services, he stopped participating regularly by December of 2015.

In April of 2016, the circuit court held a dispositional hearing. By this time, petitioner had visited with the child only once in the preceding four months. In total, petitioner visited with his daughter only three times during his improvement period. Moreover, the DHHR presented evidence that petitioner failed to participate in any parenting or adult life skills services since January of 2016. Additionally, the evidence established that petitioner failed to complete any of his required evaluations. In fact, petitioner failed to attend the dispositional hearing, although he was represented by counsel. Additionally, the circuit court heard testimony from petitioner's service providers that he failed to remain in contact with them throughout the proceedings. According to one provider, petitioner failed to respond to calls and text messages regarding services and failed to contact her in order to schedule services, including visitation with the child. Moreover, the provider testified that the child had recently celebrated her eighth birthday, but petitioner failed to contact the child. Ultimately, the circuit court found that petitioner failed to comply with the terms and conditions of his improvement period and terminated his parental rights to the child. It is from the dispositional hearing that petitioner appeals.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[3]According to both the guardian and the DHHR, the child's mother's parental rights have also been terminated below. Respondents state that, as of the filing of their response briefs, the permanency plan for K.D. and the additional children subject to the proceedings below is adoption by a maternal uncle. Because the uncle lives in the Commonwealth of Virginia, the parties are currently undergoing the requirements of the Interstate Compact on the Placement of Children in order to achieve permanency for the children. The record and the parties are silent as to the circuit court's disposition in regard to C.R., biological father of the additional children subject to the proceedings below.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for an extension to his post-adjudicatory improvement period or in its termination of his parental rights.

According to petitioner, the circuit court erred in denying him an extension to his post-adjudicatory improvement period upon his financial inability to comply with the terms and conditions thereof. The Court, however, does not agree. While petitioner predicates his lack of compliance upon his "financial problems, automobile problems, and job problems," he provides no evidence to support this assertion. Petitioner argues, without any citation to the record on appeal, that he was precluded from travelling from the State of Tennessee to West Virginia in order to comply with the terms and conditions of his improvement period. Petitioner's only reference to evidence in support of his assertion is testimony from providers reiterating petitioner's own assertion that he had "financial trouble." Petitioner fails to cite to any evidence, other than his own assertions, that his financial hardships prevented his participation in services below.

On the contrary, the record is clear that petitioner not only failed to travel to West Virginia in order to comply with the services offered, he also failed to remain in communication with his service providers in order to attempt to facilitate the implementation of the offered services. During the dispositional hearing, the circuit court based its decisions to deny petitioner an extension to his improvement period and terminate his parental rights, in part, upon his failure to remain in contact with service providers and the child. On appeal to this Court, however, petitioner fails to allege how his inability to remain in contact with the DHHR throughout the pendency of these proceedings was in any way predicated on a lack of financial means. Accordingly, we find no merit to petitioner's argument that the circuit court improperly based its decisions on his lack of financial means.

According to West Virginia Code § 49-4-610(6), a circuit court may extend a post-adjudicatory improvement period when, among other factors, "the court finds that the [parent] has substantially complied with the terms of the improvement period . . . ." As set forth above, petitioner failed to comply with the terms of his improvement period. Even assuming petitioner is correct that his lack of financial means precluded him from travelling to West Virginia in order to participate in services, petitioner still failed to remain in contact with the DHHR in order to facilitate his participation with the services offered. As such, it is clear that the circuit court did not abuse its discretion in denying petitioner an extension to his post-adjudicatory improvement period.

Similarly, the circuit court did not err in terminating petitioner's parental rights. Again, petitioner's sole argument is that the circuit court improperly based termination upon his lack of financial means. As outlined above, petitioner failed to participate even minimally in that he routinely failed to contact the DHHR in order to inquire about the services offered to correct the conditions of abuse and neglect present in the home. According to West Virginia Code § 49-4-

604(c)(3), a circumstance in which there is no reasonable likelihood the conditions of abuse and neglect includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child .
> . . .

Petitioner failed to comply with the terms and conditions of his improvement period, as evidenced by his failure to remain in contact with the DHHR regarding implementation of those services. As such, it is clear that the circuit court was presented with sufficient evidence upon which to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect. Moreover, the circuit court also found that reunification with petitioner was not in the children's best interests. Pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 8, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: March 24, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker